AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  2:15-mj-1105-CWH |
| RICK DAVID VANTHIEL ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of  ☐ a federal  ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed  - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____.

☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

District of Nevada

☐  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

x  (1)  There is a serious risk that the defendant will not appear.

x  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

Based on the allegations set forth in this Complaint, information set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court does find that the defendant poses a substantial risk of nonappearance and a danger to the community.  The defendant's prior criminal history record indicates a conviction in 1992 for charges involving robbery, burglary and assault.  Defendant was sentenced to six (6) years in prison in 1992.  Defendant was arrested in January 1993 for violation of parole, he was required to finish his term in custody.  In 2007, defendant was charged with murder, assault with a deadly weapon, battery with a deadly weapon.  The charges of murder and assault with a deadly weapon were dismissed.  Defendant plead guilty to an amended charge of attempted battery with substantial bodily harm and was sentenced to 19-48 months in prison, his sentence was suspended and was placed on three (3) years probation. In June 2009, he was arrested on a warrant and in July 2009, his probation was revoked and sentenced to 19-48 months in prison.  Defendant has a number of charges without any disposition indicated of failure to change his address as a convicted person.  In 2014, he was charged with failure to comply with the requirements of N.R.S. § 179(c).  In April 2014, he was charged with a failure to appear for driving without a driver's license.   Defendant does have some ties to this community. Based on all the information presented to the Court, there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant.  The Court therefore orders that defendant be detained pending trial.

### Part II— Statement of the Reasons for Detention

I find that the credible testimony and information submitted at the hearing established by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the Defendant.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   Nov. 24, 2015

*Judge's Signature*

GEORGE FOLEY, JR., U.S. Magistrate Judge
*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).